[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: REQUEST TO REOPEN
This petition was withdrawn by the petitioner on October 2, 1998 by the filing of a formal withdrawal filed August 27, 1998. From the petitioner's sentence time sheet, the petitioner did receive presentence time and good time credits but since his sentence on April 15, 1994, has been classified in a security risk group and as such does not earn statutory good time credits. "According to the plain language of General Statutes Section18-7a(c) the commissioner may award good time credits at his discretion. Thus because General Statutes Section 18-7a(c) does not require the Commissioner to award good time credits, that section cannot create a liberty interest on which the petitioner may predicate habeas corpus relief." Abed v. Commissioner ofCorrection, 43 Conn. App. 176, 180-1. The awarding of good time credit does not arise to a constitutionally protected liberty interest and the ex post facto clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. Id., 181-3. The Commissioner's letter to the petitioner of August 30, 1999 states that the Commissioner will continue to monitor his progress.
For the above reasons the request to reopen is dismissed.
Thomas H. Corrigan Judge Trial Referee